UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLANTIC CAPES FISHERIES, INC.<br>    Plaintiff<br><br>v.<br><br>RAW SEAFOODS, INC.<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)  Civil Action No:12-CV-11151<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY TRIAL DEMAND

NOW COMES the Plaintiff, Atlantic Capes Fisheries, Inc. and submits its Complaint to this Honorable Court.

### JURISDICTION

1. Jurisdiction is based on diversity of citizenship, 28 USC §1332, as the action is brought between citizens of different states, and the sum in controversy is approximately $300,000 and exceeds the jurisdictional amount of $75,000, exclusive of interest and costs.

### PARTIES

2. Plaintiff, Atlantic Capes Fisheries, Inc. (Atlantic Capes) is a corporation formed under the laws of the state of New Jersey, with its principal place of business in Cape May, New Jersey.

3. Defendant Raw Seafoods, Inc. (RSI) is a Massachusetts Corporation with its principal place of business in Fall River, Massachusetts.

## FACTS COMMON TO ALL COUNTS

4. Atlantic Capes is engaged, inter *alia*, in the purchase and distribution of Atlantic sea scallops (scallops).

5. From March 2011 through July 2011 Atlantic Capes contracted with and paid RSI to process, package and freeze approximately 37,000 pounds of raw scallops valued at approximately $300,000.

6. Said scallops were received in good condition by RSI and were processed, packaged and returned to Atlantic Capes' shipper for transport to Denmark.

7. Atlantic Capes' shipper at all times properly refrigerated and handled said scallops and transported them to Denmark with all packaging intact.

8. Upon delivery and inspection in Denmark said scallops were determined to have been partially decomposed and were rejected as being unfit for human consumption and ordered returned to the United States. The scallops were returned to the United States and were destroyed as ordered by the United States Food and Drug Administration, all at the expense of Atlantic Capes.

9. On information and belief, the scallops were improperly handled and stored by RSI at incorrect temperature, resulting in decomposition prior to freezing by RSI.

## COUNT I
### (NEGLIGENCE)

10. Plaintiff incorporates the allegations set forth above as if fully set forth herein.

11. The scallops were damaged through the negligent acts, errors and/or omissions of RSI, resulting in Atlantic Capes' damages.

WHEREFORE, Plaintiff, Atlantic Capes Fisheries, Inc. prays this Honorable Court enter judgment for it against the Defendant Raw Seafood, Inc. and award it damages for the value of the scallops and the costs of transportation, destruction of said

scallops, together with its other expenses, costs and attorneys fees and such further relief as this it deems just and proper.

## COUNT II
### (BREACH OF CONTRACT/BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE)

12. Plaintiff incorporates the allegations set forth above as if fully set forth herein.

13. The actions of RSI in improperly handling, storing and packaging the scallops constitutes a breach of its contract with Atlantic Capes and a breach of the implied warranty of workmanlike performance and resulted in Atlantic Capes' damages as set forth above

WHEREFORE, Plaintiff, Atlantic Capes Fisheries, Inc. prays this Honorable Court enter judgment for it against the Defendant Raw Seafood, Inc. and award it damages for the value of the scallops and the costs of transportation, destruction of said scallops, together with its other expenses, costs and attorneys fees and such further relief as this it deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
Atlantic Capes Fisheries, Inc.
By its attorneys,

*/s/ Stephen M. Ouellette*
Stephen M. Ouellette, Esquire
BBO#543752
Ouellette & Smith
127 Eastern Ave., Suite 1
Gloucester, MA 01930
Phone (978) 281-7788
Fax    (978) 281-4411
Email  stephen.ouellette@fishlaw.com